UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XOCHILTH BERRIOS BERRIOS (A-088-517-442), <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Respondents. | No.  1:25-cv-1544 TLN CSK <br><br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner Xochilth Berrios Berrios (A-088-517-442), a noncitizen, filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2241.  Pending before the Court is respondent's motion to dismiss.  (ECF No. 17.)  For the following reasons, this Court recommends that the motion to dismiss be denied and the petition be granted as to claim two alleging violation of the Fifth Amendment Due Process Clause.

I.      **BACKGROUND**

On November 12, 2025, petitioner filed the petition for writ of habeas corpus raising two claims.  (ECF No. 1.)  In claim one, petitioner argued that her order of supervision was revoked in violation of 8 C.F.R. § 241.4(l).  (Id. at 15-19.)  In claim two, petitioner argued that her failure to receive a pre-deprivation hearing violated her right to due process under the Fifth Amendment.  (Id. at 19-20.)  On November 12, 2025, petitioner also filed a motion for a temporary restraining

1

order.  (ECF No. 2.)

On November 13, 2025, the district court granted petitioner's motion for a temporary restraining order.  (ECF No. 5.)  The district court found that petitioner established a likelihood of success on the merits of her due process claim (claim two).  (Id. at 3-4.)  The district court did not analyze claim one, based on the alleged violation of 8 C.F.R. § 241.4(l), because petitioner sufficiently established that a temporary restraining order was warranted based on her due process claim.  (Id. at 3 n.2.)  Citing Rico-Tapia v. Smith, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) and Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025), the district court found that petitioner had a liberty interest in her continued freedom.  (Id. at 4.)  After balancing the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the district court found that petitioner was entitled to a hearing to determine whether her detention was warranted.  (Id. at 4-5.)  The district court ordered petitioner's immediate release from respondents' custody and that respondents were enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including notice and a hearing before a neutral fact-finder where the Government shall bear the burden of proving that petitioner poses a danger to the community or a flight risk, and that petitioner shall be allowed to have her counsel present.  (Id. at 7.)  The district court ordered respondents to show cause why a preliminary injunction should not issue on or before November 17, 2025.  (Id.)

On November 17, 2025, respondents filed an opposition to a preliminary injunction.  (ECF No. 8.)  On November 19, 2025, petitioner filed a reply to respondents' opposition.  (ECF No. 10.)  On December 4, 2025, the district court found that petitioner demonstrated a likelihood of success on the merits of her due process claim (claim two).  (ECF No. 15 at 4-5.)  The district court did not analyze claim one based on alleged violation of 8 C.F.R. § 241.4l.  (Id. at 4 n. 2.)  The district court issued a preliminary injunction on the following terms: respondents were enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional and regulatory protections, including notice and a hearing before a neutral fact-finder where respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future;

2

or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk; at such hearing, petitioner shall be allowed to have her counsel present.  (Id. at 6-7.)  The district court referred this matter to the undersigned.  (Id. at 7.)

Pursuant to this Court's scheduling order, on December 29, 2025, respondents filed a motion to dismiss. (ECF No. 17.)  On January 12, 2026, petitioner filed an opposition.  (ECF No. 18.)  On January 20, 2026, respondents filed a reply.  (ECF No. 19.)  On January 22, 2026, this Court ordered the motion to dismiss submitted on the papers.  (ECF No. 20.)

## II.   LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.   MOTION TO DISMISS

Respondents move to dismiss on two grounds: this action is moot and petitioner has not exhausted administrative remedies because her request for withholding of removal is still pending.  (ECF No. 17.)

### A.   Mootness

Respondents move to dismiss this action on the grounds that this action is moot now that petitioner has been released. (ECF No. 17 at 2.)  For the following reasons, this Court finds that this action is not moot.  Petitioner's release from detention does not render this action moot.  See Cruz v. Lyons, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025).  The order granting the

preliminary injunction did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id.  A habeas petition is not moot where preliminary relief is not made permanent.  See id. (citing Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention.").  "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief."  Im v. Semaia, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026).

In the opposition to the motion to dismiss, petitioner argues that her case is not moot because she is entitled to injunctive relief beyond that ordered by the district court, including 1) any apprehension for the purpose of effecting removal must be preceded by a 14-day notice to petitioner's counsel; and 2) should respondent detain petitioner under this justification, and it continues for 14 days without her actual removal, there is a rebuttable presumption that no removal is reasonably likely in the foreseeable future and thus the otherwise applicable detention restrictions in the preliminary injunction would apply again.  (ECF No. 18 at 2-3.)  Petitioner admits that these requests go beyond the baseline protections offered under 8 C.F.R. § 241.4(l), but claims that the district court may order these additional protections.  (Id. at 2-3.)

As discussed above, the district court granted the preliminary injunction based on a finding that petitioner demonstrated a likelihood of success as to her due process claim.  (ECF No. 15 at 4-5.)  The district court did not analyze petitioner's claim alleging violation of 8 C.F.R. § 241.4(l), but acknowledged that both parties agreed that this is the correct regulatory standard for revocation of an order of supervision in petitioner's circumstance.  (Id. at 4 n.2.) Under 8 C.F.R. § 241.13(i)(2), the government may re-detain a noncitizen "if, on account of changed circumstances, [the government] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  Upon revocation based on changed circumstances, the noncitizen will be notified of the reasons for revocation and afforded an initial informal interview promptly after his or her return to custody.  See 8 C.F.R. § 241.4(l). In granting the preliminary injunction, the district court enjoined and restrained respondents from

4

re-arresting or re-detaining petitioner absent compliance with constitutional and regulatory protections.  (Id. at 6-7.)  Although the district court did not find that respondents violated 8 C.F.R. § 241.4(l), the district court ordered respondents to comply with the protections within that regulation.  (Id.)  In her opposition, petitioner does not claim that the injunctive relief ordered did not encompass the baseline protections offered under either the Due Process Clause or 8 C.F.R. § 241.4(l).  Instead, petitioner seeks injunctive relief that goes beyond what 8 C.F.R. § 241.4(l) requires.  This Court recommends that petitioner's request for permanent injunctive relief be denied as going beyond the requirements of due process and the regulation.

**B.     Exhaustion of Administrative Remedies**

Respondents argue that this action should be dismissed because petitioner is pursuing withholding of removal in immigration court.[1]  (ECF No.  17 at 2-3.)  Respondents argue that due to the administrative procedures associated with that proceeding, petitioner must await the outcome of that matter and any associated administrative appeal, rather than immediately seeking to resume litigation in federal court.  (Id.)

In the opposition, petitioner does not dispute that she has a final removal order and is in the midst of Withholding Only proceedings.  (ECF No. 18 at 3.)  Petitioner argues that respondents' argument that she must await the outcome of her withholding proceedings before filing her § 2241 petition conflates two separate issues.  (Id. at 4.)  Petitioner acknowledges that the district court cannot review an order of removal under 8 U.S.C.§ 1252(b)(9), but argues that in her § 2241 petition, she is not litigating the outcome of her Withholding Only proceedings or even whether she has a final removal order.[2]  (Id.)  Petitioner states that she challenges the

---

[1]  "To be eligible for withholding of removal, an applicant must demonstrate that her life will be 'threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion.'"  Plancarte Sauceda v. Garland, 23 F.4th 824, 832 (9th Cir. 2022) (quoting 8 U.S.C. § 1231(b)(3)(A)).  "Similar to asylum, a petitioner may establish eligibility for withholding of removal (A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution."  Tamang v. Holder, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 C.F.R. § 1208.16(b)(1) and (2)).

[2]  Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall

5

legality of her detention, which does not require administrative exhaustion. (Id.)

This Court agrees with petitioner that her Withholding Only proceedings are separate from her § 2241 habeas petition, which challenges the legality of her re-detention. Petitioner raises no claims in her § 2241 petition related to her Withholding Only proceedings or otherwise challenging her removal order. The record contains no evidence that petitioner's re-detention challenged in the instant habeas petition is related to petitioner's Withholding Only proceedings. (See ECF No. 1.) Petitioner is not required to await the outcome of her Withholding Only proceedings before challenging the legality of her detention in her § 2241 petition. Cf. Mahender S.B. v. Chestnut, 2026 WL 124847, at *2 (E.D. Cal. Jan. 16, 2026) ("As this Court has found previously, along with other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his asylum proceedings.").

## IV.    MERITS OF PETITION

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted as to claim two based on a finding that respondents violated petitioner's Fifth Amendment due process rights by detaining her without notice and a hearing. See Rico-Tapia, 2025 WL 2950089, at *8; Doe, 787 F. Supp. 3d at 1093; Mathews, 424 U.S. at 335. As the district court explained, petitioner acquired a liberty interest in her continued freedom following her release by immigration officials in May 2022 on an Order of Supervision. See 11/13/2025 Order at 4; Rico-Tapia, 2025 WL 2950089, at *8 (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."); Doe, 787 F. Supp. 3d at 1093 (noting the Government's actions in allowing petitioner to remain in the community

be available only in judicial review of a final order under this section. Except as provided otherwise in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory) to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9).

for over five years strengthened petitioner's liberty interest).  Applying the three factors set forth in Mathews, petitioner was entitled to notice and a hearing under the Fifth Amendment Due Process Clause, which she did not receive.  See 11/13/205 Order at 4-5, Mathews, 424 U.S. at 335.  This Court further recommends that a permanent injunction be issued on the same terms as the preliminary injunction.

Because the Court recommends that the petition be granted as to claim two, this Court need not address claim one alleging violation of 8 C.F.R. § 241.4(l).  However, this Court recommends that the term of the preliminary injunction requiring respondents to comply with regulatory protections, including 8 C.F.R. § 241.4(l), be made permanent.

V.   **CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 17) be denied.

2. The petition for writ of habeas corpus be GRANTED as to claim two alleging violation of the Fifth Amendment Due Process Clause.

3. A permanent injunction be issued ordering that respondents be enjoined and restrained from re-arresting or re-detaining petitioner Xochilth Berrios Berrios (A-088-517-442) absent compliance with constitutional and regulatory protections, including notice and a hearing before a neutral fact-finder where respondents must show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future; or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk.  At such hearing, petitioner shall be allowed to have her counsel present.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Berr1544.157.imm/2

8